**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOMO WILLIAMS, : | |
| INMATE NO. 03A6836, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-2434-RWS |
| GEORGIA SECRETARY OF : | |
| STATE and JOHN/JANE DOES, : | |
|     Defendants. : | |

**ORDER**

Plaintiff has filed the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific

AO 72A
(Rev.8/82)

misconduct against IRS agent); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.  <u>Discussion</u>

Plaintiff alleges that he mailed "numerous applications, inquiries and requests . . . seeking state election laws, forms, filings, and publications regarding ballot access, party recognition process, [and] disenfranchisement felon laws" to Defendants "between the years 2005 & 2007." (Doc. 1 at 4-5). Plaintiff states that he has not received a reply to any of his inquires. (<u>Id.</u> at 5).

Plaintiff alleges that Defendants have violated his right to form a political party, his right to associate with others in order to advance political beliefs, his right to run for political office, and the public's right to vote for the candidate of their choice. (<u>Id.</u> at 5). Plaintiff further alleges that Defendants' failure to respond violates the United States' policy of spreading democracy, as evidenced by this country's efforts in Iraq and Afghanistan. (<u>Id.</u> at 6). As relief, Plaintiff asks this Court to order Defendants to comply with his various requests for information relevant to running for "federal public office." (<u>Id.</u> at 5, 7).

3

Plaintiff previously filed a civil rights action in this Court in which he raised the identical issues and causes of action. See <u>Williams v. Georgia Secretary of State and John/Jane Does of Georgia Elections Division</u>, Civil Action No. 1:07-CV-1988-RWS (N.D. Ga. Sept. 17, 2007). On September 17, 2007, this Court dismissed that action, pursuant to 28 U.S.C. § 1915A. <u>Id.</u> at Docs. 4-5.

For the reasons that follow, this Court finds that the doctrine of res judicata bars Plaintiff from raising his claims in a second civil rights action. "Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit." <u>I.A. Durbin, Inc. v. Jefferson Nat'l Bank</u>, 793 F.2d 1541, 1549 (11th Cir. 1986). The doctrine of res judicata bars a subsequent suit when the following four elements are present: "(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." <u>Id.</u> (printed without corrections).

The previous action was dismissed on the merits by a court of competent jurisdiction. While Plaintiff has named John/Jane Does as Defendants without limiting them to the Georgia Elections Division, as he did in his prior action, it is

4

apparent from the complaint that Plaintiff is referring to the same unknown individuals. Finally, as previously noted, Plaintiff is raising the same causes of action as he did in his prior suit.

As all four elements have been satisfied, the instant action is barred by the doctrine of res judicata. See Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001) (res judicata bars relitigation of state prisoner claims previously dismissed as frivolous, pursuant to 28 U.S.C. § 1915A). Accordingly, this action should be dismissed.

III.  Conclusion

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915A, the instant 42 U.S.C. § 1983 civil rights action [Doc. 1] is **DISMISSED**. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this  19th  day of October, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5

AO 72A
(Rev.8/82)